# BELKNAP,

## DECEMBER TERM, A. D. 1845.

### Bowman *v.* Harper & a., Exr.

*If, to a plea of the statute of limitations, the plaintiff reply that when the cause of action accrued he was beyond the seas, without the limits of the United States, and so remained and continued until the commencement of this suit, the defendants may rejoin, setting forth that after the cause of action accrued the plaintiff came within the United States, and did not commence his action within six years from that time, with a formal traverse, that the plaintiff remained and continued out of the United States. Such rejoinder should conclude to the country.*

Assumpsit, for money had and received; writ dated February 8, 1843.

The defendants pleaded that the cause of action did not accrue to the plaintiff within six years, &c.

The plaintiff replied, that at the time the cause of action accrued he was beyond the seas, and without any of the United States, and so remained and continued until the commencement of this suit.

The defendants rejoined, that after the cause of action had accrued, to wit, on the 1st of April, 1834, and on divers other days and times between that day and the 1st day of May, 1835, the plaintiff came into the United States, and did not commence his action within six years after he thus came into the United States, without this, that the plaintiff remained and continued beyond the seas, without

any of the United States, from the time the cause of action accrued, &c., concluding with a verification.

The plaintiff filed a general demurrer.

*Lyford*, for the plaintiff.

*Pierce & Fowler*, for the defendants.

PARKER, C. J. There seems to be no good ground for this demurrer.

The saving clause of the statute of 1825, upon which the plaintiff's replication is founded, was omitted in the Revised Statutes, passed in 1842, and the statute of 1825 was repealed. If the defendants had demurred to the replication we should have been required to consider the effect of this repeal upon the plaintiff's case; and it could not be held, that, by having had the benefit of the saving clause for some time prior to the repeal, he had thereby acquired a vested interest in its continuance, so as to place its repeal beyond the power of the legislature, in its application to his case.

But assuming, for the purpose of the pleadings at least, that the replication is a substantial answer to the plea, the defendants deny a material part of it by a special traverse.

Whether the defendants might have traversed directly, instead of resorting to the formal traverse, is not material. This form of traverse, although little used, is admissible; and there is an inducement alleging matter inconsistent with the matter of the replication, but without a direct denial of it, which is sufficient to lay the foundation of the formal traverse.

The rejoinder is defective in point of form, in concluding with a verification, instead of to the country. Here is a material matter averred on one side and denied on the other. The parties were thus at issue, and if the plaintiff had demurred specially, because the rejoinder con-

cluded with a verification, we must have held it bad for that reason. But this defect of form is not reached by a general demurrer.

If we had found the rejoinder insufficient for any reason, it might have been necessary for us to consider the sufficiency of the replication on the ground above suggested, notwithstanding the defendants did not take an objection to it by a demurrer.

As the case stands, the defendants are entitled to judgment. Under the existing statutes nothing is before us but the question transferred, and its legal incidents and results, and we cannot, therefore, entertain a motion to amend. But instead of a peremptory order for judgment on the demurrer, the plaintiff may have leave to move in the court of common pleas for an amendment. Unless such amendment is allowed there must be

*Judgment for the defendant.*